UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABEL G. ROCHA,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security[1],<br><br>               Defendant. | NO: 12-CV-0336-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 20, 24). Plaintiff is represented by Lora Lee Stover.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Under Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Defendant is represented by Erin F. Highland. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 688 F.3d 1144, 1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2008, the alleged onset date. Tr. 28. At step two, the ALJ found that Plaintiff has the following severe impairments: chronic pain status post right leg sarcoma removal, cervical arthritis, degenerative disc disease, adjustment disorder, and avoidant personality disorder. Tr. 28-29. At step three, the ALJ concluded that the claimant does not have an impairment or

combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, app. 1. Tr. 29-31. As a result, the ALJ found that Plaintiff has the residual functional capacity ("RFC"),

> to lift and/or carry up to 30 pounds occasionally and 15 pounds frequently, stand and/or walk up to six hours in an eight-hour workday, sit up to six hours in an eight-hour workday, and change position, sitting or standing, once an hour. The claimant cannot climb ladders, ropes or scaffolds and should avoid stairs and ramps. The claimant can have occasional contact with the public and perform simple repetitive one to three step tasks. The claimant is limited to jobs that do not require fine hearing capability.

Tr. 31-33. At step four, the ALJ found that the claimant is unable to perform any past relevant work. Tr. 33. At step five, the ALJ determined that considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. Tr. 33-34. Finally, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act. Tr. 34.

## ISSUES

Plaintiff raises several issues for review, most of which relate to the ALJ's RFC assessment. First, Plaintiff contends the ALJ failed to consider Plaintiff's hearing loss as a severe impairment that should have been included in the RFC. Next, Plaintiff avers the ALJ improperly considered the credibility of Plaintiff's own testimony and the medical evidence provided by Dr. Ugorji and Dr. Arnold in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

assessing Plaintiff's RFC.  Lastly, Plaintiff contends the ALJ failed to pose a proper hypothetical to the vocational expert.  *See* ECF No. 21 at 8.

DISCUSSION

**A. Severe Impairments**

Plaintiff argues the ALJ erred in omitting his hearing loss from the list of his severe impairments at step two.  ECF 21 at 14. While it is true that the ALJ did not specifically list hearing loss at step two, Tr. 28-29, she explicitly included it in both her RFC assessment and her hypothetical posed to the vocational expert.  Tr. 31, 72.  Accordingly, Plaintiff was not prejudiced by the omission and the error was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that any error by the ALJ in neglecting to list an impairment at step two was harmless because the decision reflected that the ALJ considered any limitation posed by the limitation at step four).

**B. Medical Evidence**

Plaintiff contends the ALJ failed to properly consider the opinions of Dr. Kinsley Ugorji, M.D. and Dr. John Arnold, Ph.D. in fashioning the RFC.  A treating physician's opinion is entitled to "substantial weight." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  If evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995)). Where a treating physician's medical opinion is not contradicted by the opinion of another physician, the ALJ must set forth clear and convincing reasons for disbelieving the treating physician. *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002). With these standards in mind, the Court will address the ALJ's consideration of the medical evidence.

### 1. Dr. Ugorji

Plaintiff contends that the ALJ failed to take into account all of the limitations identified by Dr. Ugorji when fashioning the RFC. Dr. Ugorji opined that Plaintiff's right thigh pain was mild to moderate in severity and affected Plaintiff's ability to sit, stand, walk, and lift. Tr. 259. He also noted that Plaintiff's back pain was generally mild. Tr. 259. He further opined that Plaintiff was restricted in his ability to bend, crouch, pull, and push, and should avoid heavy lifting and prolonged sitting and standing. Tr. 259. Dr. Ugorji, Plaintiff's treating physician, concluded that Plaintiff could perform light work and may benefit from vocational training. Tr. 259, 260.

The ALJ gave Dr. Ugorji's opinion "substantial weight" and, like Dr. Ugorji, concluded that Plaintiff was limited to performing light work in the RFC. As Defendant notes, any error that the ALJ committed in not explicitly considering the

weight of each standalone limitation in the RFC was harmless. *See Molina v. Astrue*, 674 F.3d at 1111 (error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."). Both Dr. Ugorji and the ALJ operated under substantively similar definitions of "light work." Dr. Ugorji defined "light work" as work that "may require walking or standing up to six out of eight hours per day, or involve sitting most of the time with occasional pushing and pulling of arm and/or leg controls." Tr. 259. Similarly, the Social Security regulations define light work as "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b); 436.967(b). The Court finds that the ALJ properly considered Dr. Ugorji's opinion in formulating the RFC.

    2.  <u>Dr. Arnold</u>

Plaintiff also argues that the ALJ improperly gave substantial weight to Dr. Arnold's opinion but did not include all of Dr. Arnold's limitations in the RFC finding. Dr. Arnold opined that Plaintiff "should have no difficulty meeting the basic cognitive demands in the workplace." Tr. 246. He stated Plaintiff would have difficulty when adjusting to new situations and, because of his difficulty with social interaction, he would likely be more successful in an environment not requiring significant public contact. Tr. 246. Accordingly, the ALJ limited

1  plaintiff to having only occasional contact with the public and performing simple,
2  repetitive one to three step tasks.  Tr. 31.
3       Plaintiff does not show how the ALJ's RFC finding is inconsistent with Dr.
4  Arnold's opinion or what additional limitations should have been included in the
5  RFC.  *See* ECF 21 at 16.  As a result, the Court declines to address the argument,
6  as it was not briefed with sufficient particularity.  *Carmickle v. Comm'r, Soc. Sec.*
7  *Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address plaintiffs
8  argument "because [plaintiff] failed to argue this issue with any specificity in his
9  briefing.").

10  **C. ALJ's Evaluation of Plaintiff's Credibility**

11       Plaintiff next contends that the ALJ improperly discredited Plaintiff's
12  testimony in assessing the RFC.  Evaluating the credibility of a claimant's
13  testimony regarding subjective pain requires the ALJ to engage in a two-step
14  analysis.  *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007).  "First,
15  the ALJ must determine whether the claimant has presented objective medical
16  evidence of an underlying impairment which could reasonably be expected to
17  produce the pain or other symptoms alleged."  *Id.* at 1036 (internal citations and
18  quotation marks omitted).  The claimant is not required to show that her
19  impairment "could reasonably be expected to cause the severity of the symptom
20  she has alleged; she need only show that it could reasonably have caused some

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

degree of the symptom." *Id.* (quoting *Smolen v. Chater,* 80 F.3d 1273, 1282 (9th Cir. 1996)).  If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may only reject the claimant's testimony about the severity of the symptoms by providing "specific, clear and convincing reasons" for the ejection.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

The ALJ may not reject the claimant's subjective symptom testimony "simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged."  *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1282).  Nor may the ALJ discredit the subjective testimony as to the severity of the symptoms "merely because they are unsupported by objective medical evidence."  *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998).  On the other hand, "the medical evidence is still a relevant factor in determining the severity" of the claimant's limitations.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Here, the ALJ found that Plaintiff's nerve damage associated with the sarcoma (cancer) of the right leg, along with his neck arthritis and back problems, could reasonably be expected to cause the alleged pain.  Thus, the ALJ was only permitted to reject Plaintiff's testimony by providing specific, clear and convincing reasons for the rejection.  *See Vasquez*, 572 F.3d at 591.  On his Function Report, Plaintiff alleged that the impairment affects his ability to lift, squat, bend, stand,

1    reach, walk, sit, kneel, and stair climb.  Tr. 149.  He can only walk one-half block

2    and sit and stand for thirty minutes.  Tr. 149.  He added that he does not handle

3    stress well and has difficulty getting along with others.  Tr. 150.

4        The Court finds the ALJ stated sufficiently specific reasons for not fully

5    crediting Plaintiff's testimony.  First, the ALJ noted that the medical evidence did

6    not support the Plaintiff's allegation that he could not sustain work activity on a

7    regular and continuing basis.  Tr. 32.  The ALJ noted that on January 6, 2010,

8    Plaintiff was cleared by his oncologist, Dr. Steven Beyersdorft, M.D., to return to

9    work without restrictions.  Moreover, a physical examination by Dr. Ugorji noted

10   that Plaintiff had good motor function in his right leg.  Tr. 32, 202.  Lastly, the ALJ

11   observed that Plaintiff's cancer had not returned, Tr. 28, and that the associated

12   nerve pain had been treated successfully with medicine, Tr. 201.  The ALJ was

13   entitled to rely on the medical evidence as a relevant *factor* in finding Plaintiff

14   incredible.  *See Rollins*, 261 F.3d at 856.

15       As additional support for discrediting Plaintiff's testimony, the ALJ found

16   his alleged limited daily activities were both unverifiable and difficult to attribute

17   to any medical condition.  Tr. 32.  Although the ALJ erred in relying upon this

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

finding,[2] she provided other sufficient reasons for discounting Plaintiff's testimony. *See Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ observed that Plaintiff maintains good personal hygiene and uses public transportation. Tr. 30. The ALJ noted that he spends his afternoons and evenings watching television. Tr. 30. He was cooperative and pleasant with health care professionals, made good eye contact and had a normal affect, and exhibited good judgment and impulse control. Tr. 30. Taken together, the ALJ provided specific, clear and convincing reasons for not *fully* crediting the Plaintiff's own testimony about the severity of his symptoms for purposes of fashioning the RFC.

**D. The RFC**

Because the Plaintiff's contention that the ALJ erred in fashioning the RFC is derivative of sections A, B, and C above, the Court also finds substantial evidence supports the ALJ's assessment of the RFC.

---

[2] Defendant concedes that this was not a legitimate basis for discrediting Plaintiff's testimony. ECF No. 24 at 14.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

### E. Hypothetical Posed to the Vocational Expert

The ALJ's hypothetical posed to the vocational expert accurately reflected the RFC finding. Tr. 31, 72. Because the Court finds that the RFC was proper, the hypothetical posed to the vocational expert was likewise free of error.

### CONCLUSION

The Court finds that the ALJ properly considered the medical evidence and the Plaintiff's own testimony in assessing the RFC. The ALJ's findings are supported by substantial evidence in the record and are free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 24, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

3. The hearing set for March 17, 2014 is **VACATED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** May 2, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15